UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DALE E. DELAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-73 CAN |
| | ) | |
| FEDERAL-MOGUL POWERTRAIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On February 20, 2009, Plaintiff, Dale E. Delap ("Delap"), filed his complaint in this Court. On April 22, 2009, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On January 15, 2010, Defendant, Federal-Mogul Powertrain, Inc. ("Federal-Mogul"), filed a motion for summary judgment. On March 1, 2010, Delap filed a response in opposition. On March 18, 2010, Federal-Mogul filed a reply.

In addition, on March 3, 2010, Delap filed a stipulation withdrawing his retaliation claim. Delap also stipulated to withdrawing specific allegations of age discrimination against other Federal-Mogul employees. On March 18, 2010, Federal-Mogul filed a motion to strike portions of Delap's response and supporting affidavit. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.    FACTS**

The following facts are primarily undisputed by the parties. Where the facts are in dispute, this Court has determined that the disputes are not material to the resolution of Delap's claims.

Beginning in February of 1998, Delap was employed by Federal-Mogul as a machinist.

At the time of his filing, Delap was fifty-seven years old. Federal-Mogul is a supplier of products and services to manufacturers of automotive, commercial, and off-road vehicles. Federal-Mogul maintains a manufacturing plant in South Bend, Indiana. While Delap received periodic raises during his employment at Federal-Mogul, Delap also incurred documented employee discipline and performance criticism due to problems with his performance and work quality.

For example, in May of 2003, Delap received a warning from his supervisor for failing to react after pinholes were discovered in his work product. As a result of Delap's failure to react, numerous machined parts produced by Federal-Mogul had to be scrapped. Delap was later issued a written warning and suspended for three days after he again failed to react to an error in the machine product. Further, in 2005, Delap was disciplined after he damaged one of Federal-Mogul's automated machines. After the incident in 2005, Delap was transferred to a basic, labor intensive machine due to his rudimentary skill level.

During his employment with Federal-Mogul, Delap also moonlighted with Hoosier Transit as a cargo driver. Delap's employment with Hoosier Transit initially did not conflict with his employment at Federal-Mogul. Hoosier Transit offered Delap work only on days that he was not scheduled to work at Federal-Mogul. Additionally, Delap had discretion to refuse work from Hoosier Transit if it conflicted with his work schedule at Federal-Mogul.

On August 2, 2007, Delap reported to work at Federal-Mogul for a twelve hour shift. As a result of two employees being on vacation that evening, Federal-Mogul was short-staffed and under pressure to meet several production deadlines. That evening, Delap approached the temporary supervisor, Mark Hahn, and asked to leave work approximately three hours early in

2

order to prepare for a long-distance cargo haul for Hoosier Transport. The parties dispute whether Mark Hahn gave Delap permission to leave early, but both parties agree that Delap was told there could be repercussions when he returned to work. Delap left work approximately three hours before his shift ended. As a result of being short-handed, Federal-Mogul missed a shipping delivery date.

On August 3, 2007, temporary supervisor Mark Hahn discussed the situation with factory manager David White. Hahn reported to White that, despite the fact that Federal-Mogul was already short staffed, Delap had left his shift early without obtaining permission. White further discussed the issue with the human resources manager Chris Lehman. Both White and Lehman agreed that Delap's early departure from his work shift amounted to insubordination and decided to terminate Delap's employment. Lehman then prepared a written termination notice setting forth the reasons for dismissal and instructed temporary supervisor Mark Hahn to deliver the notice to Delap.

On August 7, 2007, Delap reported for work at Federal-Mogul. Temporary supervisor Mark Hahn, along with his brother Mike Hahn, approached Delap regarding his early departure on August, 2, 2007. Supervisor Hahn then informed Delap that he was being terminated for insubordination and gave Delap the written notice prepared by Lehman. Delap does not dispute that he left work early, but contends that he did so with Mark Hahn's approval.

On February 20, 2009, Delap filed a complaint in this Court alleging that Federal-Mogul's termination of his employment was motivated by age discrimination. In particular, Delap argues that Federal-Mogul's asserted reason for his dismissal, insubordination, is pretextual.

**II.    ANALYSIS**

   A.    Summary Judgment Standard

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Servs. Co., 391 U.S. 253, 289 (1968)).

   B.    Delap fails to establish a *prima facie* case of discrimination.

Delap originally claimed two violations of the ADEA and Title VII: (1) that he was discriminated against because of his age; and (2) that he was improperly retaliated against for filing a claim with the EEOC. However, Delap later withdrew his retaliation claim. See Doc.

No. 30 at 2. Accordingly, this Court will only examine Delap's claim of age discrimination.

To prove age discrimination under either the ADEA or Title VII, Delap may proceed either with direct evidence or under the burden shifting method of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Richter v. Hook-SupeRx, Inc., 142 F.3d 1027, 1028 (7th Cir. 1998). Direct evidence can either be: (1) an admission by the decision maker that her actions were based on the prohibited discrimination, or (2) a convincing mosaic of circumstantial evidence that points directly to a discriminatory reason for the employer's action. Davis v. Con-Way Transp. Central Express, Inc., (7th Cir. 2004); Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 396 (7th Cir. 1997); Radue v. Kimberly-Clark Corp., 219 F.3d 621, 616 (7th Cir. 2000). Delap offers no evidence that constitutes an admission by a decision maker that Delap was treated differently because of his age. Further, Delap offers no mosaic of evidence that points directly to age discrimination as the reason for Federal-Mogul's actions. Indeed, nothing Delap offers constitutes direct evidence.

Because Delap does not offer direct evidence of discrimination, this Court must consider whether Delap has provided sufficient evidence under the burden shifting method of McDonnell Douglas to survive summary judgment. See e.g. Blise v. Antaramian, 409 F.3d 861, 866 (7th Cir. 2005) (analyzing a plaintiff's claim under burden shifting method because plaintiff did not offer direct evidence or argue that it existed). Under the burden shifting method, Delap must establish by a preponderance of the evidence that: (1) he was a member of a protected class, (2) he suffered a materially adverse employment action, (3) his job performance was meeting his employer's legitimate expectations, and (4) similarly situated employees outside of the protected class were treated more favorably. Richter, 142 F.3d at 1028. See also McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973); Williams v. Williams Elecs., Inc., 856 F.2d 920, 922-23 (7th Cir. 1988). The parties concede the first two elements. As such, this Court will only consider the last two elements.

       1.      Meeting the employer's legitimate expectations.

Delap cannot establish that he was performing his job satisfactorily. One must perform his job to the employer's legitimate expectations at the time of the adverse employment action. Luckie v. Ameritech Corp., 389 F.3d 708, 715 (7th Cir. 2004).

Federal-Mogul maintains that in August of 2007 the company was under increased production demands and struggling to meet shipping delivery deadlines. Federal-Mogul also asserts that on-time delivery of their products and increased production were primary goals of the South Bend plant and essential to the survival of the company. In addition, Federal-Mogul notes that it had explained the company's circumstances and difficulties to the production employees. Federal-Mogul asserts that the August 2, 2007, shift was short-staffed and under more pressure than usual. As a result, Federal-Mogul contends that all production employees were expected to work until the end of their shift unless early departure was authorized by a supervisor. Federal-Mogul also notes that under company policy leaving a shift early without supervisor approval amounts to insubordination and that an employee may be discharged immediately for such an act.

Despite these expectations, Federal-Mogul argues that Delap left his shift early without obtaining approval from supervisor Mark Hahn. In particular, Federal-Mogul asserts that on two separate occasions on August 2, 2007, supervisor Hahn denied Delap's request to leave early. Federal-Mogul explains that supervisor Hahn denied Delap's request because Delap had not

given enough notice to be allowed vacation time and the shift was already short staffed. Additionally, Federal-Mogul notes that supervisor Hahn told Delap there could be consequences if he left early without approval. Specifically, Federal-Mogul asserts that supervisor Hahn warned Delap that he "might catch hell." Federal-Mogul argues that, despite the denial of Delap's request and the subsequent warnings on August 2, 2007, Delap left his shift early and, as a result, caused the company to miss a delivery shipment deadline. As such, Federal-Mogul maintains that it was justified in terminating Delap's employment, contending that his early departure amounted to insubordination.

In his response brief, Delap does not contest Federal-Mogul's assertions that it was short-staffed and under increased production pressure. Delap also does not contest that he left early on August 2, 2007, or that Federal-Mogul missed a shipping deadline the day of his early departure. Indeed, the only fact that Delap contests is Federal-Mogul's assertion that supervisor Mark Hahn objected to his early departure. Rather, Delap argues that supervisor Mark Hahn merely stated that Delap would have to make up the three hours of missed work and might "catch some hell" later. Delap also reports that when he returned to work on August 6, 2007, the day before he was terminated, no supervisor mentioned his previous early departure. As such, Delap argues that he was meeting Federal-Mogul's employment expectations and Federal-Mogul was motivated primarily by Delap's age in terminating his employment.

However, despite his assertion, Delap offers no evidence besides his own affidavit to substantiate his argument. Self-serving and conclusory affidavits without factual support in the record will not defeat a motion for summary judgment. <u>Albiero v. City of Kankakee</u>, 246 F.3d 927, 933 (7th Cir. 2001); <u>Slowiak v. Land O'Lakes, Inc.</u>, 987 F.2d 1293, 1295 (7th Cir. 1993).

7

Delap's affidavit is self-serving and conclusory. Indeed, Delap does not dispute that supervisor Hahn warned Delap he might "catch some hell" as a result of his early departure on August 2, 2007. This statement indicates either that Delap did not have permission to leave early or that he could be subject to an adverse employment decision as a consequence of his early departure. As a result, Delap cannot produce sufficient evidence to establish that he had permission to leave work early on August 2, 2007. Accordingly, it is clear from the evidence asserted that Delap cannot factually demonstrate that he was meeting his employer's reasonable job expectations, a necessary element to establish a *prima facie* case of age discrimination.

        2.        <u>Less favorable treatment.</u>

Similarly, Delap has failed to submit sufficient evidence to establish that he was treated less favorably than other Federal-Mogul employees who were outside of his protected age class. In fact, Delap has submitted no evidence other than his bare assertions that Federal-Mogul had improperly terminated several other older employees around the time of his dismissal. Delap initially claimed that Federal-Mogul employees Jim Rife and Sandy Blake were also wrongfully dismissed due to age discrimination. However, Delap later stipulated to withdrawing this evidence. <u>See</u> Doc. No. 30. Since then, Delap has not produced any other evidence, aside from a conclusory and self-serving affidavit, to support his argument regarding Federal-Mogul's less favorable treatment of protected class employees.

Delap has been unable to identify any other Federal-Mogul employees who engaged in substantially similar insubordination, who were not in his protected class, and were not terminated. As such, Federal-Mogul argues that Delap cannot establish that any other simularly-situated employees were treated more favorably and that Delap, therefore, cannot establish the

fourth prong of a *prima facie* discrimination case.

Given Delap's bare assertion of less favorable treatment due to age, and the complete lack of *any* evidence to support this argument, this Court finds that Delap cannot establish that he was treated less favorably than other Federal-Mogul employees who were outside of his protected class. Self-serving and conclusory affidavits without factual support in the record will not defeat a motion for summary judgment. Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001); Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1295 (7th Cir. 1993).

Because Delap has failed to produce any evidence to establish the requisite elements of performance meeting the employer's reasonable job expectations and less favorable treatment than other similarly situated individuals, not in Delap's protected class, this Court concludes that Delap cannot establish a *prima facie* case of discrimination.

      C.      Delap offers no evidence that Federal-Mogul's reasons were pretextual.

However, assuming *arguendo* that Delap could establish a *prima facie* case of age discrimination, and this Court believes he cannot, Delap must still produce evidence that suggests Federal-Mogul's proffered reasons are merely pretextual. Initially, the burden shifts to Federal-Mogul to articulate a non-discriminatory justification for its action. Richter, 142 F.3d at 1028. If Federal-Mogul offers a non-discriminatory justification, Delap is still required to present sufficient evidence to create a triable issue concerning whether Federal-Mogul's proffered reason is merely pretextual. Id.

Federal-Mogul asserts that it was short-staffed and under heavy production demands on the day that Delap decided to leave his shift early. In addition, Federal-Mogul observes that it missed a product shipment deadline on the same day of Delap's early departure. Federal-Mogul

9

claims that it terminated Delap's employment because his early departure amounted to insubordination, left Federal-Mogul even further short-staffed, and resulted in loss to the company due to delayed shipment of product.

Because Federal-Mogul has proffered legitimate nondiscriminatory reasons for its actions, Delap has the burden to present some evidence to create a genuine issue of whether Federal-Mogul's proffered reasons are merely a pretext. Richter, 142 F.3d at 1028. Pretext means something worse than a business error, such as deceit to cover one's tracks. Davis, 386 F.3d at 784. The focus of the pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well considered. Id.

The evidence that Delap offers to prove pretext on the part of Federal-Mogul is as follows: (1) that Mark Hahn laughed when handing Delap his termination notice; and (2) the termination notice and explanation was written on a warning form rather than a termination notice form. However, other than a thin representation of those facts, Delap has failed to articulate how these events demonstrate that Federal Mogul's proffered reason for dismissal was pretextual and that his termination was actually based on Delap's age. As such, this Court concludes that Delap's assertion that these events amount to a showing of pretext on the part of Federal-Mogul, without something more concrete, amounts to nothing more than speculation. "Speculation does not create a genuine issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995).

Summary judgment is "the put up or shut up moment in a lawsuit." See Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005). Summary judgment is when a party

must show what evidence it has that would convince a trier of fact to accept its version of events. Id. Consequently, this Court concludes that the paucity of evidence produced by Delap is insufficient evidence to convince a reasonable jury to return a verdict in his favor, and, therefore, Delap cannot survive summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III. CONCLUSION

With regard to summary judgment, Delap has failed to establish a *prima facie* case of age discrimination. Delap cannot show that he was meeting his employer's reasonable job expectations. Similarly, Delap cannot show that other Federal-Mogul employees, not within his protected age class, were treated more favorably. Furthermore, even if Delap could establish a *prima facie* case, he has failed to offer sufficient evidence that Federal-Mogul's proffered reasons were merely pretextual. Accordingly, this Court **GRANTS** Federal-Mogul's motion for summary judgment. [Doc. No. 23]. Because this Court is granting Federal-Mogul's motion for summary judgment, Federal Mogul's motion to strike is **DENIED AS MOOT**. [Doc. No. 32]. The Clerk is instructed to enter judgment in favor of Federal-Mogul.

**SO ORDERED**

Dated this 15th Day of April, 2010.

s/ Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
